**AFFIDAVIT**  5:20mj1161

I, John T. Fisher, a Special Agent (SA) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, being duly sworn under oath, hereby depose and state:

1. I am a law enforcement officer of the United States, and under 18 U.S.C. § 3051, I am charged by the Attorney General with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of the laws of the United States, may carry firearms, serve warrants and subpoenas issued under the authority of the United States, make arrests without warrant for any offense against the United States committed in my presence, or for any felony under the laws of the United States if there are reasonable grounds to believe that the person to be arrested has committed or is committing such felony.

2. I have been employed as a Special Agent with ATF since March of 2018. I am presently assigned to ATF's Cleveland Field Office. I am a graduate of the ATF National Academy, located at the Federal Law Enforcement Training Center in Glynco, Georgia. The ATF National Academy consists of sixteen weeks of training in subjects such as firearms trafficking, unlawful possession of firearms, unlawful dealing in firearms, unlawful possession and/or use of explosives, improvised explosive devices, and arson investigations, execution of arrest and search warrants, and criminal procedure.

3. I was employed as a Special Agent with the Drug Enforcement Administration (DEA) from September 2009 through January 2012. I am a graduate of the DEA Academy at Quantico, VA, which involved nineteen weeks of training in controlled substance investigations. I received training on topics such as drug identification, money laundering techniques, patterns of drug distribution and trafficking, the exploitation of telecommunication devices utilized by drug

traffickers, Federal law pertaining to violations of controlled substances, and drug trafficking conspiracy investigations.

4. I have conducted investigations involving the possession, distribution, and trafficking of controlled substances, in addition to the concealment of illicit proceeds from the sale of the controlled substances, violation of Federal firearm laws, and use of firearms in furtherance of other criminal offenses. In conducting these investigations, I have utilized a variety of investigative techniques and resources, including but not limited to surveillance, confidential informants, exploitation of telephone and social media data, the interception of wire communications under Title III, interviews, and the review of financial documents. I am presently assigned to ATF's Cleveland Field Office.

5. The facts contained in this Affidavit are based upon my personal knowledge of the investigation, in addition to the knowledge, training, experience, and the observations of other law enforcement officers. All observations and information referenced below that were not personally made or learned by me were relayed to me by the persons who made such observations or learned such information, to include being provided information verbally or in written format. This Affidavit contains information necessary to support probable cause for this application. This Affidavit is not intended to be a complete review of all topics discussed in interviews or conversations referenced herein. In addition, this Affidavit is not intended to include each and every fact and matter observed or known by me, other law enforcement officers, or the government.

## PROBABLE CAUSE

1. On May 18, 2019, I reviewed Akron Police Department (APD) Incident Report #20-048976 which documented the arrest of Leopoldo CERRITENO Leon.  On April 25,

2020, Akron Police Department (APD) Officers responded to 907 Rowe Avenue, Akron, Ohio for a call to service regarding shots fired. Officers observed rifled casing on the ground in the yard at 907 Rowe Avenue and could hear adults and kids inside the residence. Five adults and four children exited the residence and the adults were temporarily detained.

2. APD Officers cleared the residence at 907 Rowe Ave to determine if a weapon was still on scene and to identify injured persons. No firearms or injured persons were located.

3. Michel'le Wilson identified herself to APD Officers as a resident of the house and stated that Leopoldo CERRITENO Leon was at her house and fired a gun. Wilson provided verbal consent to search 907 Rowe Avenue for the firearm. APD Officers then spoke with Wilson's husband Darron PORTIS who also provided verbal consent to search 907 Rowe Avenue for the firearm.

4. APD Officers recovered a loaded Titan Arms HDP, Model: TT3B, 12 gauge pump shotgun bearing serial number 173120401, under the couch were PORTIS was sitting. PORTIS stated the shotgun was his and used for protection. PORTIS also stated that he knew he was not supposed to have a firearm because he was a convicted felon. APD Officers identified the Titan Arms shotgun bearing serial number 173120401 as stolen.

5. Your Affiant confirmed through the Summit County Clerk of Court that PORTIS had previously been convicted of the following felonies in Summit County, Ohio, Aggravated Robbery F1 (CR-2007-11-4033), Abduction F3 (CR-2012-07-2043), and Burglary F3 (CR-2015-09-2839).

6. PORTIS stated that his cousin brought CERRITENO Leon to his house, 907 Rowe Avenue, and that CERRITENO Leon brought a rifle to sell to PORTIS. PORTIS also

stated that while he was cooking food on a grill, CERRITENO Leon fired the rifle behind him. PORTIS stated that after CERRITENO Leon fired the rifle he entered the house and sat on a couch.

7. APD Officers received verbal consent from both Wilson and PORTIS to search the couch PORTIS identified as the location CERRITENO Leon sat after firing the rifle. APD Officers moved a blanket and located a loaded Anderson Arms, Model: AM-15, .223 semiautomatic rifle bearing serial number 16127228 with an attached 100 round drum magazine. The drum magazine contained .233/5.56 caliber ammunition from the following ammunition manufacturers: Wolf and Federal Lake City. PORTIS confirmed that the rifle APD Officers located was the rifle CERRITENO Leon brought to his house.

8. Wilson and PORTIS were asked, and agreed, to sign a consent to search form for 907 Rowe Avenue. APD Officers identified several baggies, a digital scale, a small bag of marijuana, and an unknown substance in plain view on the living room floor. Officers also located a backpack near the drug paraphernalia which contained $2,000 in cash in small denominations. APD Officer identified multiple digital scales around the house and torn baggies in most rooms, but were not able to recover all of these items as PORTIS and Wilson withdrew their consent to search the premises.

9. APD Officers read PORTIS his *Miranda* warning and PORTIS stated under *Miranda* that the unknown substance found on the floor in the living room was his ecstasy. PORTIS explained that the ecstasy was in a powdered form because he crushed it. PORTIS stated the digital scales were used to weight tobacco. PORTIS stated the $2,000 cash was stimulus money.

10. APD Officers arrested CERRITENO Leon for discharging a weapon within city limits and Officer Petit read CERRITENO Leon his *Miranda* warning. Under *Miranda*, CERRITENO Leon stated the firearm identified as an Anderson Manufacturing Model AM-15 .223 caliber rifle was his, that he brought the firearm to 907 Rowe Avenue, Akron, Ohio, and that he accidentally discharged it.

11. CERRITENO Leon came to the attention of ICE following his arrest by APD. A detainer was lodged with the Summit County jail on April 25, 2020. On April 29, 2020, CERRITENO Leon was released to ICE custody.

12. During processing, CERRITENO Leon's fingerprints and biographical data was entered into the Integrated Automated Fingerprint and Biometric Identification System (IAFIS/IDENT) pursuant to ICE administrative procedures. This system compares fingerprints electronically to determine if an individual has an existing ICE record, arrest record, and/or FBI number. The results of the IDENT/ IAFIS query confirmed that the person in custody was Leopoldo CERRITENO Leon, a Mexican national who has been previously removed from the United States on one prior occasion, as detailed below:

    a. On March 24, 2002, CERRITENO Leon was found in the United States and served an I-862 Notice to Appear at Los Fresnos, Texas. On October 1, 2003, CERRITENO Leon was ordered removed to Mexico by an immigration judge in Harlingen, TX. On January 25, 2005, CERRITENO Leon was removed to Mexico at Hidalgo, TX, as noted on the executed Form I-205, Warrant of Removal/Deportation.

13. I am aware that aliens who have been removed are not eligible to enter the United States or receive a visa for such entry without first obtaining a waiver granted by the Attorney

5

General of the United States or the Secretary of the Department of Homeland Security. ICE agents have reviewed the contents of the alien case file and all the ICE computer databases, and have found no evidence that Leopoldo CERRITENO Leon has ever applied for, or been granted, permission from the Attorney General or the Secretary of the Department of Homeland Security of the United States to reenter the United States.

14. On April 29, 2020, upon verification of Leopoldo CERRITENO Leon's identity, unlawful immigration status, and previous deportations, ICE served CERRITENO Leon with Form I-871 Notice of Intent/Decision to Reinstate Prior Order in Cleveland, OH.

### Interstate Nexus of Firearm

15. On May 14, 2020, ATF SA John Sabol, a Firearm Interstate Nexus Expert, examined the Anderson Arms, Model: AM-15, .223 semiautomatic rifle bearing serial number 16127228, 100 round drum magazine and associated Wolf and Federal Lake City ammunition.  Based on his training and experience, SA Sabol stated that the firearm and ammunition was not manufactured in the State of Ohio.  Thus, the firearm and ammunition had traveled in interstate commerce.

### CONCLUSION

16. Based upon the above listed facts and circumstances, your Affiant believes and asserts that there is probable cause to believe that:

    A. Leopoldo CERRITENO Leon has violated Title 8, United States Code, Section 1326, Illegal Reentry.

B. On or about the 24th day of April 2020, Leopoldo CERRITENO Leon, an illegal alien, did unlawfully possess a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(5).

C. The above violation was committed in the Northern District of Ohio, Eastern Division. Your Affiant requests that a Complaint and Arrest Warrant be issued for Leopoldo CERRITENO Leon.

 

*[signature]*

John T. Fisher, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1, on this 20th, day of May 2020.

*[signature]*

Kathleen B. Burke, U.S. Magistrate Judge